UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-04332 |
| | § | |
| $125,000.00 in U.S. CURRENCY, | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

*Defendant Property*

2. The Defendant is $125,000.00 in United States currency (the "Defendant Cash").

3. On or about May 3, 2018, law enforcement seized the Defendant Cash from Jessica Bucio in Houston, Texas.  The Defendant Cash is currently in a bank account within the custody of the U.S. Marshal's Service.

*Jurisdiction and Venue*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

1

6. The Defendant Cash is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Facts*

7. On or about May 3, 2018, Jessica Bucio ("Bucio") exited a bus that had arrived in Houston, Texas from Atlanta, Georgia. While Bucio was still at the bus station, Houston Police Department ("HPD") Officers A. Alvarez and T. Walker, approached her, identified themselves as HPD officers by showing their police identification and badges, and asked to speak with her. Bucio agreed to speak with them.

8. Bucio appeared to be nervous throughout the conversation.

9. When asked where she was traveling from, Bucio stated that she was coming from Columbia, South Carolina and was continuing on to Morelia, Mexico, where she has a home. Bucio told the HPD officers that she flew from Mexico City to Atlanta on May 1, 2018 and then on to Columbia, South Carolina.

10. After Officer Walker asked Bucio if she had any identification, she produced a U.S. passport.

11. When asked about the nature of her travel to Columbia, South Carolina, Bucio responded that she went to Columbia to sell a ranch in her hometown of Morelia, Mexico. Officer Walker noticed that as the conversation progressed, Bucio's tone became more hesitant and unsure.

12.     Officer Alvarez asked Bucio if she had any narcotics or narcotics proceeds, and Bucio said no.  Bucio consented to a search of the bag she was carrying and handed her purse to the officer.  Officer Alvarez advised Bucio that she was not under arrest and had no obligation to allow officers to access her bags.  Officer Alvarez told Bucio he could feel rectangular-shaped objects behind the lining in her purse.  When asked what it was, Bucio responded that it was money.  When asked how much money, Bucio responded that it was about $110,000.  Bucio said she did not count the money.  Bucio's suitcase was also searched; no money was found in her suitcase.

13.     When asked where the money found in her purse came from, Bucio responded that the money belonged to her and that she had sold some property in Morelia, Mexico to a neighbor in Morelia.  When asked the neighbor's name, Bucio said that she could not recall.  Officer Walker asked Bucio why she had the sales proceeds with her if the property had been sold in Mexico.  Bucio responded that the buyer lives in Morelia, Michoacan, Mexico but that the buyer told her that the money was in the United States so she flew from Mexico City to Atlanta to Columbia, South Carolina to pick up the money.  Bucio said that an unknown male came to her hotel room in Columbia, gave her cash in a Dillard's shopping bag, and told her that the cash was separated in $5,000 bundles.

14.     The Defendant Cash found in Bucio's purse was comprised of several stacks of cash that were bundled in rubber-bands in a manner consistent with proceeds from drug trafficking.  The Defendant Cash, which totaled $125,000, was in the following denominations:

- $100   x   483   =   $ 48,300.00
- $ 50   x   125   =   $  6,250.00
- $ 20   x   3507  =   $ 70,140.00
- $ 10   x   31    =   $    310.00

15.     A package of rubber-bands was found in Bucio's purse in the same area where the Defendant Cash was found.

16.     A trained canine alerted to the odor of narcotics coming from the Defendant Cash.

17.     The Defendant Cash constitutes money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used to facilitate a violation of the Controlled Substances Act.

*Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Cash which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent.  An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Requested Relief*

Wherefore, the United States of America prays that judgment of forfeiture be entered against the Defendant Cash in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

        Ryan K. Patrick
        United States Attorney

By:  <u>s/Lori S. Roth</u>
       Lori S. Roth
       Email: lori.roth@usdoj.gov
       Texas State Bar No. 24076691
       SDTX Bar No. 1383270
       Assistant United States Attorney
       United States Attorney's Office
       1000 Louisiana, Suite 2300
       Houston, TX 77002
       Telephone: (713) 567-9000
       Fax: (713) 718-3300

*Verification*

I, Duke Covey, a Special Agent with the United States Drug Enforcement Administration, hereby affirm and verify that the facts set forth in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Duke Covey
Special Agent
U.S. Drug Enforcement Administration

Sworn and subscribed before me, the undersigned authority, on November 15, 2018.

Notary Public in and for the State of Texas

My commission expires:

10/15/2020